**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CINDY PAOLA AGUILAR RAMOS,

          Petitioner,

          v.

LUIS SOTO, et al.,

          Respondents.

Civil Action No. 25-15315 (MAS)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on the habeas petition filed by Petitioner Cindy Paola Aguilar Ramos pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Following an order to answer, the Government responded to the petition. (ECF No. 9.) Petitioner thereafter filed a reply (ECF No. 11) and supplemental correspondence (ECF No. 12). For the following reasons, Petitioner's habeas petition shall be granted, and the Government shall afford Petitioner with a bond hearing as required by 8 U.S.C. § 1226(a) within seven days.

    By way of background, Petitioner is a native and citizen of Honduras who entered the United States without admission or inspection on January 28, 2022, at the age of seventeen. (ECF No. 1 at 6; ECF No. 9-1 at 3-4.) That same day, Petitioner was encountered by border patrol agents, and taken into custody. (ECF No. 9-1 at 3.) As an unaccompanied minor, Petitioner was placed in the custody of the Office of Refugee Resettlement and was eventually granted Special Immigrant Juvenile Status and deferred action in February 2024. (ECF No. 1 at 6.) On August 28, 2025, however, Petitioner was issued a notice to appear for removal proceedings which charged

her with being removable as an alien present in the United States without having been admitted or paroled after inspection, was arrested, and placed into detention. (ECF No. 9-2.) On September 29, 2025, an immigration judge determined that Petitioner was subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) as an applicant for admission pursuant to the Board of Immigration Appeals' interpretation of that statute in its decision in *Matter of Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) ("*Hurtado*"). Petitioner argues that this was improper and that she is not subject to detention under § 1225(b).

Since the BIA's adoption of its current interpretation in *Hurtado*, a number of courts in this district and elsewhere have considered 8 U.S.C. § 1225(b) and determined that, under its plain text, the statute does not apply to those aliens who entered the United States without inspection but were not apprehended upon their arrival, such as Petitioner. *See, e.g.*, *Bethancourt Soto v. Soto*, No. 25-16200, 2025 WL 2976572, at *6-7 (D.N.J. Oct. 22, 2025) (so ruling and collecting cases). This Court agrees, and for the reasons expressed in *Bethancourt Soto*, finds that § 1225(b)(2)'s detention provisions do not apply to Petitioner, who has been present in the United States without inspection for several years, and was granted Special Immigrant Juvenile Status and deferred action after her arrival. As such, the Government lacks the authority to detain Petitioner without bond pursuant to § 1225(b).

Although the Government does not have authority to detain Petitioner without bond under § 1225(b), under 8 U.S.C. § 1226(a), an alien may be detained so long as she is provided a bond hearing upon request at which she can secure release by showing by a preponderance of the evidence that she is neither a danger nor a flight risk. *See, e.g.*, *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018). Because Petitioner is subject to the terms of § 1226(a), she is entitled to a hearing as she has already made a request and was denied bond solely based on *Hurtado's* reasoning that she was subject to mandatory detention under 8 U.S.C.

2

§ 1225(b)(2). The appropriate relief in this matter is therefore a statutorily proper bond hearing pursuant to § 1226(a) under which Petitioner shall be provided the opportunity to establish that she is not a flight risk or danger.

Petitioner's habeas petition (ECF No. 1) shall therefore be granted, and the Government shall provide Petitioner with a statutorily proper bond hearing under 8 U.S.C. § 1226(a) before an immigration judge within seven days. An order consistent with this Memorandum Opinion will be entered.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE